UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GYORKE-TAKATRI, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>NESTLE USA, INC., et al.,<br><br>                Defendants. | Case No. 16-cv-03893-WHO<br><br>ORDER GRANTING MOTION TO REMAND<br><br>Re: Dkt. No. 24 |

## INTRODUCTION

Plaintiffs brought a mislabeling case in Superior Court of the State of California, City and County of San Francisco against Gerber Products Company ("Gerber"). After Gerber removed the case to federal court arguing that the claims satisfied CAFA jurisdiction, the Hon. Yvonne Gonzalez Rogers of this District remanded, finding that Gerber had failed to provide admissible evidence that the amount in controversy met CAFA's $5,000,000 requirement. After plaintiffs moved for class certification in Superior Court, Gerber removed the case to federal court again, arguing once more that the case meets CAFA's jurisdictional requirements. Plaintiffs move to remand a second time, arguing that Gerber's second removal is procedurally improper and that Gerber has failed to demonstrate any new facts or circumstances that would justify permitting a successive removal. Because Gerber has failed to demonstrate a change in circumstances that justifies its second removal, I GRANT plaintiffs' motion to remand.

## BACKGROUND

On July 14, 2015, plaintiffs filed a putative class action against Nestlé USA, Inc. ("NUSA") and Gerber in Superior Court, asserting seven state law claims related to allegations that the images of fruits and vegetables on the front label of Gerber Puffs Cereal snack products misled consumers into believing Puffs were "fruit-or-vegetable-packed" snacks. Complaint

("Comp."), Dkt. No. 1-2, Ex. 1 ¶¶ 2, 25-26. NUSA was voluntarily dismissed from the case on August 10, 2015 and Gerber is the only remaining defendant. Dkt. No. 1-2, Ex. 5. Plaintiffs seek, among other forms of relief, "[a]n award of restitution, including disgorgement pursuant to California Business & Profession[s] Code §§ 17203, 17535." Compl. at 22:7-16.

Gerber first removed this case to federal court on August 13, 2015, arguing that there was federal jurisdiction under CAFA and that the amount in controversy, which Gerber presumed was the retail price consumers paid, exceeded $5,000,000. Dkt. No. 1-3, Ex. 6. Judge Gonzalez Rogers granted plaintiffs' motion to remand, concluding that Gerber's only evidence of the amount in controversy was inadmissible hearsay and that Gerber had not met its burden of demonstrating CAFA jurisdiction. Remand Order, Dkt. No. 1-6, Ex. 47 at 4. Gerber moved for reconsideration and for leave to file additional evidence to support its amount in controversy argument. Dkt. No. 1-6, Ex. 50. The court denied Gerber's motion, concluding that "Gerber does not indicate that it intends to present facts that, in the exercise of reasonable diligence, it could not have presented in its opposition to the remand motion" and has therefore failed to show grounds for reconsideration. Dkt. No. 1-6, Ex. 53 at 1.

After the case was remanded to Superior Court, plaintiffs moved for class certification. Dkt. No. 1-12, Ex. 108. In their motion for class certification, plaintiffs proposed to measure damages by looking at data showing "the price paid for Gerber products" or alternatively by looking at the price retailers paid to Gerber because "California consumers paid at least what retailers paid Gerber." *Id.* at 9. After plaintiffs filed their class certification motion, Gerber again removed the case to federal court under CAFA. Dkt. No. 1. Gerber argues that this second removal is proper (1) because there is no bar on successive removals in CAFA cases and (2) because "plaintiffs' new statement of restitution/damages" constitutes a "relevant change in circumstances" to justify a second removal. Opposition to Remand ("Oppo."), at 1, (Dkt. No. 26). I heard argument on September 14, 2016.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. "[U]nder CAFA the burden of establishing

removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). However, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

CAFA provides that district courts have original jurisdiction over any class action in which: (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5).

The "defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Gyorke-Takatri v. Nestle USA, Inc.*, No. 15-cv-03702-YGR, 2015 WL 6828258, *2 (N.D. Cal. Nov. 6, 2015).

Generally, "[a] successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground for removal.' " *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1187 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991).

**DISCUSSION**

**I. SUCCESSIVE REMOVAL OF CAFA CASES**

Gerber first argues that its successive removal is procedurally proper because CAFA cases are not "subject to the ordinary rule that successive removal petitions must be made on different grounds." Oppo. 7. Gerber points to *Rea v. Michael Stores, Inc.*, in which the Ninth Circuit concluded that successive removals on the same grounds are not necessarily impermissible in a CAFA case. 742 F.3d 1234, 1238 (9th Cir. 2014) (noting that the normal rule against successive

1  removals "does not dictate the result in this case because CAFA explicitly allows review of
2  remand orders."). While the *Rea* court noted that a different standard might apply to CAFA cases,
3  it did not outline what that standard would be and instead applied the general rule that a relevant
4  change of circumstances is necessary as laid out by *Kirkbride*. *Id.* ("[T]he Supreme Court's
5  decision in *Standard Fire* is a relevant change of circumstances justifying a reconsideration of a
6  successive, good faith petition for removal.") (internal quotations omitted).

7  Gerber insists that under *Rea*, "the previous removal and remand of this action do not
8  prevent this Court from exercising jurisdiction at this juncture." Oppo. 8. Gerber seems to
9  suggest that, in a CAFA case, a defendant can attempt removal as many times as it likes, on
10 identical grounds. Such a rule is unworkable and would allow a defendant to indefinitely appeal
11 an unfavorable removal ruling. The *Rea* court did not come close to advocating the standard
12 Gerber asserts here. Because Gerber's reading of *Rea* is unconvincing, and because *Rea* did not
13 outline a new standard for successive removals in CAFA cases, I conclude that the general
14 *Kirkbride* standard (which the *Rea* court itself applied) requiring a "relevant change in
15 circumstances" applies to Gerber's second removal at issue here.

16 **II. WHETHER THERE IS A RELEVANT CHANGE IN CIRCUMSTANCE**

17 Gerber argues that under the *Kirkbride* standard, its second removal is proper because it is
18 based on "the damages/restitution Plaintiffs now seek that were not previously available." Oppo.
19 8. Under *Kirkbride*, a defendant must show that "a relevant change of circumstances" justifies
20 reconsideration of a successive petition for removal. *Kirkbride*, 933 F.2d at 732. When a first
21 removal is remanded for failure to establish the amount in controversy requirement, a "second
22 removal, based on new evidence of damages exceeding the amount in controversy, [i]s proper."
23 *Munoz v. J.C. Penney Corp., Inc.*, No. 09-cv-0833, 2009 WL 975846, *3 (C.D. Cal. Apr. 9, 2009);
24 *cf. Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 781 (7th Cir. 1999) (successive removal based
25 on diversity jurisdiction was permitted where "plaintiffs revealed in discovery that they suffered
26 more than $75,000 in damages"). Gerber asserts that, in their motion for class certification,
27 plaintiffs "revealed for the first time that they do not seek restitution of the retail price they paid
28 for Puffs, but rather seek disgorgement of Gerber's wholesale price" and that this change

4

constitutes a new ground for removal. Oppo 5. I disagree.

Plaintiffs' proposed measure of damages is not "new evidence of damages exceeding the amount in controversy" in part because it is equal to or less than the damages Gerber presumed plaintiffs were seeking in its first removal. Although plaintiffs did not previously detail the precise measure of damages they sought to recover, in its unsuccessful first removal Gerber assumed that plaintiffs sought restitution of the retail price California consumers paid for Gerber's Puffs and attempted to provide evidence showing that this figure exceeded CAFA's $5,000,000 requirement. Dkt. No. 1-3, Ex. 6. Plaintiffs now propose that damages should be measured as "the price paid for Gerber products"—the exact same measure of damages Gerber presumed plaintiffs were seeking in its first removal. Although plaintiffs propose that an alternative measure of damages would be what retailers paid Gerber, they offer this measure only because they reason that "California consumers paid at least what retailers paid Gerber." *Id.* Plaintiffs therefore suggest this measure of damages as "the lower end of the disgorgement/restitution that Plaintiffs had sought from the beginning of the case." Dkt. No. 24 at 4 n.17. Plaintiffs' proposed measure of damages is therefore equal to or less than the amount Gerber previously presumed plaintiffs' were seeking and is not "new" evidence that the amount in controversy exceeds $5,000,000.

In addition to not being "new," plaintiffs' proposed measure of damages is not "evidence." "The estimated amount in controversy calculation must be based upon a reasonable reading of the allegations of the complaint." *Gyorke-Takatri*, 2015 WL 6828258, *2; *Ibarra*, 775 F.3d at 1197 (A reasonable "estimate of damages in controversy" must be based on the claims and facts alleged). This estimate may change if plaintiffs disclose new evidence regarding the claims at issue. *Munoz*, 2009 WL 975846 at *3; *Benson*, 188 F.3d at 781. However, plaintiffs' proposed method of measuring damages is not a claim, allegation, evidence, or fact dictating the amount in controversy. Plaintiffs' claims have not changed and they have not introduced any new evidence or fact that would impact or increase the potential amount in controversy. They have only proposed a specific method of calculating damages based on the same allegations and facts included in their original complaint. This does not constitute a change in circumstances sufficient to justify successive removal.

Gerber could have proposed this same method for calculating damages in its first removal based on the same facts alleged in the complaint. It could have presented the evidence it offers now.[1] That it did not occur to Gerber to offer this evidence during its first removal does not permit it to attempt a second removal now. In its first removal, under the same claims and allegations, Gerber failed to offer admissible evidence demonstrating that this case satisfies CAFA's amount in controversy requirement. Remand Order at 4. It moved for reconsideration and was denied. Dkt. No. 1-6, Ex. 53 at 1. It requested leave to provide additional evidence and was denied. *Id.* Gerber's attempt to offer additional evidence now is a belated effort to avoid and ignore its first adverse removal decision. Because Gerber has failed to show a "relevant change in circumstances" justifying a successive removal, its second removal attempt is improper.

## CONCLUSION

For the reasons outlined above plaintiffs' motion to remand is GRANTED. This action is REMANDED to the Superior Court of the State of California, City and County of San Francisco.

**IT IS SO ORDERED**.

Dated: September 30, 2016



WILLIAM H. ORRICK
United States District Judge

---

[1] If I were to consider Gerber's evidence on the merits, I am not convinced that Gerber's sales to wholesalers reasonably demonstrate the amount in controversy in this case. A defendant must show that its "estimate of damages in controversy is a reasonable one" based on the claims and facts alleged. *Ibarra*, 775 F.3d at 1197. As I and several of my colleagues have held, "The proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received, not the full purchase price or all profits." *Khasin v. R.C. Bigelow, Inc.*, 119 F. Supp. 3d 1153, 1154 (N.D. Cal. Aug. 12, 2015); *Trazo v. Nestle USA, Inc.*, 12-cv-02272-PSG, 2015 WL 4196973, at *3 (N.D. Cal. July 10, 2015). While in considering the amount in controversy I must assume the allegations in the complaint are true, I need not presume that plaintiffs' proposed method for measuring damages is reasonable or accurate. Because plaintiffs' proposed method of measuring damages is not consistent with the proper method of measuring restitution in a mislabeling case, an estimate of the damages in controversy based on this method is not "a reasonable one."